LOBRANO, Judge.
This appeal arises from a dismissal of plaintiff-appellant’s rule for contempt, revocation and damages against Magee Finance Service of Slidell, Inc., and her ex-husband Jessie Irvin.
The pertinent facts are as follows. On February 6, 1979 a permanent injunction was issued by the Orleans Parish District Court prohibiting Jessie Irvin from mortgaging any property belonging to the community of acquets and gains that existed between him and appellant, Ora Lee Thomas Irvin. Said injunction was recorded in the mortgage records of Orleans Parish, but not the mortgage records of St. Tammany Parish.
On September 25,1979 Jessie Irvin granted a mortgage in favor of Magee Finance on St. Tammany property which had formerly been the family home. Appellant alleges that prior to the granting of the mortgage the property in question had been sold to a third party for past due taxes and then re-acquired by Jessie Irvin only.
Appellant filed a rule for eontempt, revocation and damages against both Magee Finance Service and Jessie Irvin on June 27, 1980. Said rule sought the nullity of the above described mortgage. Appellee Ma-gee Finance filed exceptions of improper venue and unauthorized use of summary procedure and Jessie Irvin filed an exception of lis pendens.[1] The trial court main-tamed those exceptions and dismissed appellant’s rule.
Article 2592 of the La.Code of Civil Procedure lists those substantive matters for which summary procedure is authorized.[2] The list is exclusive and not merely illustrative. State through Dept. of Highways v. Lamar Advertising Co. of La., Inc., 279 So.2d 671 (La.1973). An action for contempt, revocation and damages seeking to nullify a mortgage is not included in Article 2592 and therefore the trial court was correct in maintaining the exception of unauthorized use of summary procedure.
In addition, Magee Finance is a corporation domiciled in Washington Parish, with its principal business in St. Tammany. Further, the subject property is located in St. Tammany Parish. Certainly, Orleans Parish is not the proper venue for any action against Magee Finance. La.C.C.P. Arts. 42 and 80.
The exception of lis pendens filed by Jessie Irvin was maintained by the trial court because of the divorce judgment obtained in St. Tammany. We find no error in this ruling.
For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant to bear all costs of this appeal.
AFFIRMED.

. Jessie Irvin obtained a judgment of divorce on March 25,1980 in separate proceedings filed in St. Tammany Parish, thus the reason for his lis pendens exception.

. Article 2592 provides:
Summary proceedings may be used for trial or disposition of the following matters only:
1. An incidental question arising in the course of litigation.
2. An application for a new trial.
3. An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
4. An action against the surety on a judicial bond after judgment has been obtained against the principal or against both principal and surety when a summary proceeding against the principal is permitted.
5. The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
6. A habeas corpus, mandamus, or quo war-ranto proceedings.
7. The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
8. The original granting of, subsequent change in or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants; and
9. All other matters in which the law permits summary proceedings to be used.